IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                      CIV 14-0785 JB/KBM
                                                       CR  12-1681 JB

ALFONSO LEZINE,

    Defendant-Movant.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the Order of Reference by the Honorable James O. Browning, filed August 29, 2014, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.  *Doc. 51*.[2]

On August 29, 2014, Alfonso Lezine ("Petitioner") filed a Motion to Vacate, Set Aside, or Correct Sentence (*Doc. 50*), alleging ineffective assistance of his trial counsel for failing to request an order by the federal sentencing judge that Petitioner's federal sentence run concurrently with his future state sentence.  Petitioner also filed a Motion to Amend and Supplement § 2255 Motion (*Doc. 54*) on October 22, 2014, in which he expands upon his allegations, provides his state and federal court judgments, and asks to "be transfered [sic] to the Federal BOP so that he may serve his sentence in accordance with the federal and state judgment and sentence, 'concurrently.'"  *See*

---

[2] The Court's references to the record herein, unless otherwise noted, relate to Petitioner's criminal case, 12cr1681 JB.

*Doc. 54*. To the extent that Petitioner seeks to supplement his § 2255 Motion with additional information and relevant documents, the Court recommends that his Motion to Amend be granted. On the other hand, to the extent that he seeks an order of transfer to the federal Bureau of Prisons ("BOP") or an order that he serve his state and federal sentences concurrently, the Court recommends that the Motion be denied. Moreover, for the reasons set forth below, the Court recommends that Petitioner's § 2255 motion be denied without a hearing.[3]

## I.  Background

Petitioner Alfonso Lezine ("Petitioner") was indicted on July 10, 2012, on federal charges including Interference with Interstate Commerce by Robbery, pursuant to 18 U.S.C. § 1951(a), and Felon in Possession of a Firearm, pursuant to 18 U.S.C. § § 922(g)(1) and 924(a)(2). *Doc 2*. At the time of his federal indictment, Petitioner was being held at Bernalillo County Metropolitan Detention Center on state charges. *Doc. 5*. This Court issued a writ of habeas corpus ad prosequendum, ordering Petitioner's appearance in federal court to answer the federal criminal charges against him. *Id*.

Pursuant to a plea agreement, Petitioner pled guilty to four counts of Interference with Interstate Commerce and one count of Felon in Possession of a Firearm and Ammunition in federal court. *Doc. 34, 36*. According to the plea agreement, the parties stipulated and agreed that Petitioner's federal sentence should be 180 months of incarceration. *Doc. 36* at 4. The plea agreement does not reflect any consensus by the

---

[3] A district court is required to hold an evidentiary hearing on a motion to vacate filed under 28 U.S.C. § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based upon a review of the motions before the Court, and the response filed by the United States, the Court concludes that a hearing is not required, as it is clear from the written submissions that Petitioner is not entitled to relief.

parties as to whether Petitioner's federal sentence should run concurrently or consecutively to any state sentence imposed in the future.  *See id.*

Petitioner was sentenced by The Honorable James O. Browning on July 16, 2013.  *See Doc. 44*.  While Petitioner's Presentence Report ("PSR") mentioned his state court prosecution, indicating that state charges were still pending and that Petitioner was transferred to federal custody on a writ of habeas corpus ad prosequendum, it did not discuss how the federal and state sentences might interact.   *See* PSR at 1-2.  Likewise, Petitioner's counsel, discussing certain factors relevant to Petitioner's sentence, informed Judge Browning at the sentencing hearing that Petitioner's state charges were still pending, noting that they were based upon similar and additional allegations. Transcript of Sentencing Hearing, *United States v. Lezine*, 12cr1681 JB, at 6:6-17 (D.N.M. July 16, 2013).  Petitioner's counsel explained that state prosecutors advised him that they were waiting to see what happened in Petitioner's federal case before deciding how to resolve the state case.  *Id*.  Petitioner's counsel did not, however, make any explicit request that Judge Browning order Petitioner's federal sentence to be served concurrently with his potential state sentence.  *See id.*

After hearing argument of counsel in support of Petitioner's plea agreement and the agreed-upon 180-month term of imprisonment, and after carefully considering the PSR and the relevant factors, Judge Browning sentenced Petitioner to 180 months as to each count of Interference with Interstate Commerce and 120 months as to one count of Felon in Possession of a Firearm and Ammunition.  *Doc. 44*; *see also* Transcript of Sentencing Hearing, *United States v. Lezine*, 12cr1681 JB.  Judge Browning specified that Petitioner's *federal* terms were to "run concurrently for a total term of 180 months,"

but he did not reference any future state sentence. *Doc. 44* at 3. Judge Browning also made a recommendation to the BOP, at the request of Petitioner's counsel, that Petitioner serve his sentence at Florence Federal Correctional Institution, Florence Colorado. *Id.*; Transcript of Sentencing Hearing, *United States v. Lezine*, 12cr1681 JB, at 16. Petitioner's federal Judgment indicates that he was committed to the custody of the BOP and remanded to the custody of the United States Marshal. *Doc. 44* at 3.

Thereafter, on April 4, 2014, Petitioner was convicted in the Second Judicial District Court of New Mexico ("state court"), pursuant to a plea of guilty, of two counts of Armed Robbery. *Doc. 54* at 7. On April 21, 2014, the state court sentenced Petitioner in Cause No. D 202 CR 2012-01610 to two nine-year sentences to run consecutively to one another for a total term of 22 years; however, nine years of this sentence was suspended for an actual total period of imprisonment of 13 years. *Id.* at 8. The state court also ordered that Petitioner's state sentence "shall be served concurrently to the sentence that the Defendant is currently serving for criminal cause number 1:12-CR-12-01681-JB in the United States District Court for the District of New Mexico." *Id.* at 9.

On August 29, 2014, Petitioner filed the present § 2255 Motion, alleging one ground for relief: "My attorney failed to request concurrent time/sentence with my state case (same incident). My sentences not all concurrent according to B.O.P. Ineffective assistance of counsel." *Doc. 50* at 4. The United States was ordered to file an Answer, which it did on September 22, 2014. *Doc. 53.* The United States contends that "Petitioner is already serving his state sentence concurrently with his federal sentence" and that there is "no reason to believe that but for counsel's failure to make an

argument for concurrent sentences, Petitioner would have in fact received a concurrent federal sentence." *Doc. 53* at 7.

In this Motion to Amend and Supplement § 2255 Motion, Petitioner explains that he began serving his sentence first in the federal system and then in the state system. *Doc. 54* at 3. According to Petitioner, he is currently serving only his state sentence in Cause No. D 202 CR 2012-01610. *Id.* at 3. He states: "[A]ll parties to date believe the petitioner to be currently serving his sentence in the Federal BOP when in fact he is confined in the NM Department of Corrections (DOC), which forces the Petitioner to serve his sentences consecutive rather than concurrent." *Id.* at 5. While the United States submits that "Petitioner is already serving his state sentence concurrently with his federal sentence," (*Doc. 53* at 7), Petitioner insists that, according to the BOP, he is "serving his state sentence consecutively, prior to his federal sentence," (*Doc. 54* at 4). Petitioner has not, however, provided documentation reflecting any decision by the BOP or his correspondence with the BOP.

## II.  Legal Standard

A petitioner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If any of these grounds exist, the Court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

A petitioner need not be currently serving his federal sentence in order to challenge it under § 2255, so long as his federal sentence will run consecutively to the sentence he is currently serving. *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (§ 2255 claim may be brought to attack federal sentence not currently being served so long as it will run consecutively to the sentence that is currently being served). When a federal sentencing court is silent as to whether the federal sentence is concurrent or consecutive to a state sentence, the "multiple terms of imprisonment imposed at different times run consecutively." 18 U.S.C. § 3584.

## III.  Analysis

In his § 2255 Motion, Petitioner raises one claim of ineffective assistance of trial counsel. *See Doc. 50*. In his Motion to Amend, on the other hand, he seeks an order from this Court that the BOP adhere and conform to the state court's order that his federal and state sentences be served concurrently and that he be transferred to the BOP. The United States has not responded to Petitioner's Motion to Amend.

### A. Ineffective Assistance of Counsel

Petitioner asserts that his trial counsel was ineffective because he failed to argue that Petitioner's federal sentence should run concurrently with his yet-to-be imposed state sentence. *See Doc. 50*. The United States argues that "[b]ecause Petitioner cannot show prejudice, his lone claim cannot satisfy the *Strickland* test to support a finding of ineffective assistance of counsel." *Doc. 53* at 5.

To prevail on an ineffectiveness claim under *Strickland v. Washington*, Petitioner must demonstrate that his trial counsel's conduct was constitutionally deficient and that but for the conduct, the result of the proceeding would have been different. *Strickland v.*

*Washington*, 466 U.S. 668, 694 (1984).  Failure to make either showing defeats Petitioner's claim.   *See, e.g., Smith v. Robbins,* 528 U.S. 259, 286, n.14 (2000); *Strickland v. Washington,* 466 U.S. at 687  Courts begin with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2006). Further, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Previously, the federal circuits were split over whether federal sentencing judges have the authority to order that federal sentences run concurrently or consecutively to state sentences that were not yet imposed.  The United States Supreme Court resolved this split when it decided, in *Setser v. United States*, 132 S. Ct. 1463 (2012), that a federal sentencing judge *does* have such authority.  *See id.  Setser* was law at the time of Petitioner's federal sentencing on July 16, 2013, which means that Judge Browning had the clear authority to order concurrent or consecutive federal and state sentences. However, the Court is not aware of any authority requiring him to exercise such authority.

In opposition to Petitioner's ineffective assistance of counsel claim, the United States relies principally upon *McCray v. United States*, No. 12cv0102, 2012 WL 5389813 (E.D. Tex. Aug. 6, 2012).  As in the instant case, the petitioner in *McCray* argued that her counsel was ineffective by failing to request that her federal sentence run concurrently with her yet-to-be-imposed state sentence.  *Id.* at *1.  The court concluded that the petitioner could not meet the Fifth Circuit's "but for" test, which

required her to establish that the result of the sentencing proceeding would "probably have been different" had her counsel requested concurrent sentencing. *Id.* at *5. As noted by the United States in its response brief, the Tenth Circuit also uses the "but for" test. *See United States v. Hollis*, 552 F.3d 1191, 1194 (10th Cir. 2009) (holding that a "demonstration of prejudice requires a showing of a reasonable probability that, but for counsel's defective performance, defendant would have received a different sentence").

Thus, even when trial counsel fails to advocate for concurrent federal and state sentences, a § 2255 movant still cannot satisfy *Strickland's* prejudice requirement if he fails to demonstrate a reasonable probability that the sentencing judge would have exercised his discretion in the petitioner's favor. *See, e.g., Prewitt v. United States*, 83 F.3d 812 (7th Cir. 1996) (reasoning that the federal judge's discretion in sentencing the petitioner meant that "only the *possibility* existed he would receive a concurrent sentence," which did not qualify as actual prejudice); *United States v. Alvarez*, 184 F. App'x 876, 881 (11th Cir. 2006) (holding that a movant could not show prejudice where his contention that the sentencing judge might have imposed a concurrent sentence was "mere speculation"); *see also United States v. Hopkins*, 658 Fed. Appx. 143 (3d Cir. 2014) (holding that the petitioner failed to demonstrate prejudice where his counsel argued that he was *not* eligible for concurrent federal and state sentences).

Here, the decision to order Petitioner's federal sentence to run concurrent or consecutive to his future state sentence was committed to the sound discretion of the federal sentencing judge, Judge Browning. Judge Browning was aware of Petitioner's state court prosecution by virtue of the PSR as well as Petitioner's counsel's representations to the Court at the sentencing hearing. Yet Judge Browning did not

specify that Petitioner's federal sentence should be served concurrently or consecutively with any future state sentence, though he ordered Petitioner's federal sentences to be served concurrently with each other. Had Petitioner's counsel explicitly requested concurrent federal and state sentences, it is possible that Judge Browning would have granted this request. But the mere *possibility* of a different outcome is insufficient. Petitioner must show the reasonable probability of a different outcome, and he fails to even cite factors weighing in favor of a different outcome.

Further, for reasons discussed hereinafter, Petitioner cannot show that his counsel's failure to explicitly request an order of concurrent federal and state sentences will ultimately result in consecutive sentences. As outlined below, there are administrative processes through which the BOP may yet designate, if it has not already done so, the state facility where Petitioner is currently serving his state sentence for service of his federal sentence. If the BOP makes this designation, it would effectively render Petitioner's state and federal sentences concurrent and undermine any assertion of prejudice.

For all of these reasons, Petitioner fails to satisfy the prejudice prong of *Strickland,* and his ineffective assistance of counsel claim, therefore, fails.

### C. Request for Transfer to the BOP

On October 22, 2014, Petitioner filed a Motion to Amend and Supplement § 2255 Motion, in which he indicates that he is "asking the Court to amend the original motion to add and clearify [sic] the issue at hand." *Doc. 54.* The Court recommends that this Motion to Amend be granted to the extent that Petitioner seeks to supplement and clarify his § 2255 motion. Petitioner also asks this Court to order that (1) the BOP

"adhere and conform" to the state court's order for concurrent state and federal sentences, and (2) he be transferred to the BOP so that he may begin serving his state and federal sentences concurrently. *Id.* at 4-5. The Court recommends that both of these requests be denied.

Petitioner appeared in federal court pursuant to a writ of habeas corpus ad prosequendum, which means that he was in the primary custody of the state when he appeared and was sentenced on federal charges. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998). Because the state retained primary custody of Petitioner at the time his federal sentence was imposed, the federal sentencing judge, Judge Browning, lacked the authority to order Petitioner into federal custody to commence his federal sentence. *See id.* It follows that even now, prior to completion of his state sentence, Judge Browning lacks the authority to order Petitioner into federal custody. As such, the Court recommends denial of Petitioner's request that he be transferred to the BOP.

As to Petitioner's request that this Court order the BOP to "adhere and conform" to the state court's order for concurrent service, it is noteworthy that the state court's order serves as "nothing more than [a] recommendation[] to federal officials," as the BOP is free to turn a concurrent sentence into a consecutive one by refusing to accept a state prisoner until the completion of the state sentence and refusing to credit the time spent in state custody. *See Leal v. Tombone*, 241 F.3d 427, 428, n.13 (5th Cir. 2003); *see also Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72 (2d Cir. 2005); *Reynolds v. Thomas*, 603 F.3d 1144 (9th Cir. 2010). According to the United States Supreme Court in *Setser*, when a petitioner "starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government – whether the

district court or the Bureau of Prisons – that decides whether he will receive credit for the time served in state custody." *Setser*, 132 S. Ct. at 1471.  Here, the federal court did not specify in the first instance whether Petitioner should receive credit for time served on his state sentence.  As a result, the BOP is effectively vested with the discretion to decide whether Petitioner's state and federal sentences will be served concurrently or consecutively.  *See Kirk v. United States*, No. 12cv0632, 2012 WL 5837588 (W.D. Pa. Nov. 16, 2012).

The BOP, pursuant to authority granted by 18 U.S.C. § 3621(b), issued Program Statement 5160.05, titled "Designation of State Institution for Service of Federal Sentence."  *See* U.S. Dep't of Justice, Bureau of Prisons Program Statement No. 5160.05, Designation of State Institution for Service of Federal Sentence, § 8 (Jan. 16, 2003).  According to this Program Statement, "designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent."  BOP Program Statement 5160.05(9)(b).  The BOP ascertains the sentencing court's intent from a number of factors, including an inmate's request for a *nunc pro tunc* designation and a state's request that the sentences be served concurrently.  *James v. Warden*, No. 13cv0641, 2014 WL 1330015 (W.D. Okla. Mar. 12, 2014).

First, the Program Statement provides a process for an inmate to seek a *nunc pro tunc* designation by the BOP for service of his federal sentence in a state facility.  *See* Program Statement at 5160.05(9)(b)(4).  When such a request is made, the Regional Inmate Systems Administrator ("RISA") will send a letter to the sentencing court to inquire whether it has any objections to the requested designation.  *Id.*

Alternatively, the Program Statement acknowledges that state jurisdictions sometimes indicate, by court order or department of corrections referral, that the state and federal sentences are to be served concurrently. Program Statement 5160.05(9)(b)(5). In such cases, the RISA will gather and review all information pertaining to the federal and state sentences and will correspond with the federal sentencing court to ascertain whether it has any objections to the federal and state sentences running concurrently. *Id.* If the sentencing court does not object, the state institution may be designated as the place to serve the federal sentence, concurrently with the state sentence. *Id.*

Under the circumstances here, the state court's order that Petitioner's state and federal sentences be served concurrently will presumably prompt the RISA to correspond with Judge Browning in order to ascertain his intent as to the service of Petitioner's federal sentence. Additionally, Petitioner may seek a *nunc pro tunc* designation. In either event, Judge Browning will be afforded, as part of the BOP process, an opportunity to recommend that the state facility where Petitioner is currently serving his state sentence also be designated for service of his federal sentence.

Technically-speaking, Petitioner's request for an order that the BOP adhere to the state court's order of concurrent service is more akin to a challenge to the *execution* of a sentence than to the *validity* of the sentence. Such a request, standing along, would typically be construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, rather than § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity."); *United States v. Miller*, 594 F.3d 1240 (10th Cir. 2010) (construing the

petitioner's claim – that the federal court should designate the state prison as the place to serve his federal sentence – as one involving the *execution* of his sentence under § 2241).  In order for the Court to hear a § 2241 petition, Petitioner, subject to a narrow exception, must have exhausted administrative relief available from the BOP*. See Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir. 2006) (holding that a § 2241 petitioner must first exhaust all administrative remedies, including those with the BOP, before his motion will be evaluated by a district court).  Petitioner has not indicated that he has even initiated an administrative request with the BOP that the state institution be designated as the facility for his federal sentence.  Accordingly, relief under § 2241 is not available to him.

To the extent that Petitioner's Motion to Amend could be construed as a request that the Court modify its sentence to include an order of concurrent federal and state sentences, the Court also recommends denial of that request.  Although Program Statement 5160.05(9)(b)(3) purports to allow a federal court to order concurrent service of a federal sentence after its imposition, the Court questions its statutory authority to so.  *See United States v. George Koufos*, 07cr1866 CLH, at 6 (D.N.M. Aug. 18, 2011).  After all, a district court may modify a defendant's sentence only when Congress has expressly granted it authority to do so.[4]  *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005).  Program Statement 5160.05 does not provide such authority but, rather, constitutes an internal agency guideline, which may be altered by the BOP at will.  *See Reeb v. Tomas*, 636 F.3d 1224 (9th Cir. 2011).

---

[4] One avenue for modifying a sentence, 18 U.S.C. § 3582(c), provides three jurisdictional grants for modification of a sentence, none of which are applicable here.

In sum, Petitioner has not provided any valid basis for an order by this Court that he be transferred to the BOP or that the BOP be required to "adhere and conform" to the state court's order of concurrent service.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Petitioner's Motion to Amend be **granted in part and denied in part** and that his § 2255 Motion be **denied** and **dismissed with prejudice**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE