**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

vs.                                 No. CIV 14-0785 JB/KBM
                                           CR 12-1681 JB

ALFONSO LEZINE,

        Defendant-Movant.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 22, 2015 (Doc. 6)("PFRD"), recommending that the Court: (i) grant in part and deny in part Petitioner's (pro se) Motion to Amend and Supplement 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed October 22, 2014 (Doc. 5); and (ii) deny his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed August 29, 2014 (Doc. 1). In the PFRD, the Honorable Karen B. Molzen, Chief United States Magistrate Judge for the District of New Mexico, notified Defendant-Movant Alfonso Lezine of his ability to file objections and instructed him that, if he did not file objections within that time period, he waived appellate review. See PFRD at 14. Any objections were due by March 12, 2015, and the Clerk of the Court did not receive Levine's objections until March 17, 2015. Because they were postmarked on March 12, 2015, however, the Court will consider them timely and address them in this opinion.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND <u>RECOMMENDATIONS</u>

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  <u>See</u> Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."   Finally, when resolving objections to a Magistrate Judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." <u>United States v. One Parcel of Real Property, with Bldgs., Appurtenances, Improvements, & Contents</u>, 73 F.3d 1057, 1059 (10th Cir. 1996)("<u>One Parcel</u>")(quoting <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial

efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of

review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or <u>ruling</u> on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

<u>Thomas v. Arn</u>, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" <u>One Parcel</u>, 73 F.3d at 1060 (quoting <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted). Cf. <u>Thomas v. Arn</u>, 474 U.S. at 154 (noting that, while

"[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In <u>One Parcel</u>, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  <u>See</u> 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, "on . . . dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing."  <u>United States v. Raddatz</u>, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  <u>United States v. Raddatz</u>, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b); citing <u>Mathews v. Weber</u>, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's report.  <u>In re Griego</u>, 64 F.3d 580, 583-84 (10th Cir. 1995).   "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing."  <u>Gee v. Estes</u>, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.   On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).   A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).   "[T]he district court is presumed to know that de novo review is required. . . .   Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).   "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).   The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766.   The Tenth Circuit has explained that brief district court orders that "merely repeat the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.   We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because a district court may place whatever reliance it chooses on a Magistrate Judge's proposed findings and recommendations, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), as "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676)(emphasis omitted).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and  United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations.   In Pablo v. Social Security Administration, No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the Plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and, thus, waived his right to appeal the recommendations, but the Court nevertheless conducted a review. See 2013 WL 1010401, at *4.  The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.  The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly

erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting that "[t]he Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

The Court has carefully reviewed the PFRD, Lezine's Motion to Vacate, Set Aside, or Correct Sentence, his Motion to Amend, and his Objections filed March 17, 2015.  The Court has

performed the required *de novo* review of the Chief Magistrate Judge Molzen's PFRD, and concludes that it will overrule Lezine's Objections and adopt the PFRD.

In her PFRD, Chief Magistrate Judge Molzen recommended the denial of Lezine's § 2255 Motion on the basis that he failed to satisfy the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984), for two reasons: (i) because he cannot show a reasonable probability that this Court would have run his federal and state sentences concurrently in the first instance had counsel asked him it do so; and (ii) because there are administrative processes through which the Bureau of Prisons may yet designate the state facility where Lezine is serving his state sentence for service of his federal sentence.

The Court agrees with Chief Magistrate Judge Molzen's conclusion that Lezine has failed to establish that any ineffective assistance of counsel in failing to request concurrent federal and state sentences prejudiced him.  Significantly, Lezine has not shown a reasonable probability that the Court would have exercised its discretion to order concurrent federal and state sentences had his counsel requested as much at his sentencing hearing.  The Court is generally disinclined to order a federal sentence to be served concurrently with a yet-to-be imposed state sentence. When the defendant faces state and federal charges, and the Court is sentencing last, it will often run the sentence concurrently, because it knows what the state has already done.  When, however, the Court is going first, it usually does not run the sentence concurrently; the state can decide whether to run its sentence concurrently to the federal one.  Sometimes, the two sentences are related, and it makes sense for the state to run its sentence concurrently.  When the sentences are unrelated or when the state case involves different violations, it makes sense for the state to run them consecutively, so that the defendant is incarcerated as long as possible.  Nothing in the record suggests that the Court would have deviated from its usual practice in this case.

With respect to Lezine's Objections, it is noteworthy that he does not challenge Chief Magistrate Judge Molzen's analysis of his ineffective assistance of counsel claim. Instead, Lezine indicates that he "is merely asking the Court to clarify who is correct, the Federal Public Defender, District of New Mexico, via. Kari Converse, referring to Petitioners [sic] consecutive sentences.  See Exhibit 3.  Or the Assistant United States Attorney, via. Jon K. Stanford, referring to Petitioners [sic] concurrent sentences.  See Exhibit 2(b) ftn. n.1."  Petitioner's (Pro se) Objections Pursuant to 28 U.S.C. § 636(b)(1) at 13-14, filed March 17, 2015 (Doc. 7). In short, Lezine asks the Court to advise him whether his federal and state sentences will run concurrently or consecutively.

To answer Lezine's question, his sentences will run concurrently.  As Chief Magistrate Judge Molzen noted in her PFRD, the Court did not specify at sentencing whether Lezine's federal sentence should be served concurrently or consecutively with any future state sentence. The state court thereafter ordered that Lezine's state sentence be served concurrently with the federal sentence that the Court imposed.  Additionally, it is now the BOP -- not the Court -- that is vested with discretion to determine whether Lezine's state facility will be designated for service of his federal sentence.  See, e,g, Brewer v. United States, No. CIV 07-5405 CBA, 2008 WL 4934038, at *1 (E.D.N.Y. Nov. 18, 2008)(Amon, J.)("When the federal sentence is imposed before the state sentence, . . . the Bureau of Prisons has discretion to designate the state prison a federal facility so that the two prison terms run concurrently rather than consecutively."  (citing Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75-76 (2d Cir. 2005)).

Having conducted a *de novo* review of Lezine's claims in this case, the Court concludes that he has failed to establish prejudice under Strickland v. Washington. The Court will,

therefore, overrule Lezine's Objections, adopt Chief Magistrate Judge Molzen's PFRD, grant in

part and deny in part Lezine's Motion to Amend, and deny Lezine § 2255 Motion.

**IT IS ORDERED** that: (i) the Proposed Findings and Recommended Disposition, filed

February 22, 2015 (Doc. 6), is adopted; (ii) Petitioner's (pro se) Motion to Amend and

Supplement 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed October 22, 2014

(Doc. 5), is granted insofar as he seeks to supplement with additional information and relevant

documents, and denied in all other respects; (iii) the Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence by a Person  in Federal Custody, filed August 29, 2014 (Doc. 1),

is denied; and (iv) this action is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Damon P. Martinez
  United States Attorney
John K. Sanford
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff-Respondent*

Alfonzo Lezine
Guadalupe County Correctional Facility
Santa Rosa, New Mexico

      *Defendant-Movant pro se*